UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Savanna Worley,  			Case No. 17-cv-1105 (PAM/SER)

      Plaintiff,

v.  			**MEMORANDUM AND ORDER**

Matthew A. Engel,

      Defendant.

_____

This matter is before the Court on Defendant's Motion to Dismiss or in the Alternative for a More Definite Statement. For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

In August 2015, Plaintiff Savanna Worley began renting an apartment in Bloomington, Minnesota managed by Housing Hub, LLC. (Am. Compl. (Docket No. 12) ¶ 11.) But, according to Worley, the City of Bloomington had not licensed the apartment as a rental property. (Id. ¶ 21.)

On August 3, 2016, Worley filed a rent-escrow action in Minnesota state court against Housing Hub and the apartment's alleged owner, Christopher Hoff, alleging multiple habitability issues. (Id. ¶ 12.) A rent-escrow action allows a tenant to deposit their rent with the court administrator instead of making a payment if they believe their landlord has violated Minnesota law or the lease agreement. Minn. Stat. § 504B.385. In response, Defendant Matthew Engel filed an eviction action against Worley on behalf of his client, CHC Investments, LLC ("CHC"), for unpaid rent. (Id. ¶ 13.) The eviction

action alleged that CHC owned Worley's apartment and also demanded $440 in court costs and fees. (Id. ¶¶ 14, 18.) The state court dismissed the eviction action without prejudice and directed Engel to file the complaint as an answer in Worley's rent-escrow action. (Kemp Decl. (Docket No. 22) Ex. A at 3.)[1] The state court eventually dismissed Worley's rent-escrow action without prejudice because Worley failed to deposit her rent with the court. (Id. Ex. C at 2.)

Engel filed another eviction action against Worley on behalf of CHC for unpaid rent on October 14, 2016. (Am. Compl. ¶ 25.) Worley answered the complaint and argued that she was not obligated to pay rent due to CHC's violations of the covenants of habitability. (Id. ¶ 32.) Following a bench trial, the state court concluded that CHC did not violate the covenants of habitability, entered judgment in favor of CHC in the amount of $5,725, ordered $3,600 on deposit with the Court to be released to CHC, and allowed Worley to redeem the apartment if she paid the remaining $2,135 within one week. (Id. ¶ 33; Kemp Decl. Ex. D at 11.) Worley redeemed the apartment. (Am. Compl. ¶ 34.) During these two eviction actions, Worley alleges that Engel, through in-person conversations, demanded that Worley pay her rent but failed to communicate information that he was required to communicate under the Fair Debt Collection Practices Act ("FDCPA"). (Id. ¶ 35.)

---

[1] Although this matter is before the Court on a motion to dismiss, the Court may consider materials outside of the pleadings that are part of the public record, as well as materials that are necessarily embraced by the pleadings. See Greenman v. Jessen, 787 F.3d 882, 887 (8th Cir. 2015). The exhibits in Kemp's Declaration consist exclusively of state-court orders in the underlying rent-escrow and eviction actions. The Court may therefore consider those exhibits at this stage of the litigation.

On March 28, 2017, Engel filed another eviction action in state court against Worley on behalf of CHC alleging that Worley had not paid her rent. (Id. ¶ 37.) Engel later filed an amended complaint against Worley on behalf of CHC alleging that Worley owed a different amount of rent. (Id. ¶ 42.) On April 5, Engel filed a second amended complaint, this time bringing the action on behalf of Christopher Hoff, and alleging a still different amount of rent owed. (Id. ¶ 48.) That case is ongoing.

On April 10, Worley filed this lawsuit alleging that, by filing the eviction actions on behalf of CHC for nonpayment of rent, Engel violated the FDCPA. In response, Engel filed a motion to dismiss. Two days after the deadline passed to amend her pleading as a matter of course, Worley filed an Amended Complaint. (Docket No. 12.) Engel consented to the filing of this amended pleading. (Docket No. 13.) Worley's Amended Complaint lists one claim titled "Specific Claims" and alleges that "[Engel's] conduct includes multiple and numerous violations of the [FDCPA] . . . including, but not limited to 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(10), 1692f, and 1692f(1)." (Am. Compl. ¶ 53.) Engel now moves to dismiss the Amended Complaint asserting that the Rooker-Feldman doctrine bars Worley's claims and that Worley has failed to state a claim on which relief can be granted. In the alternative, Engel moves for a more definite statement.

**DISCUSSION**

**A.   The Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine was born from two cases that the Supreme Court decided 60 years apart and over 30 years ago. In Rooker v. Fidelity Trust Co., a party

3

sued in federal district court to have an unfavorable state court judgment declared null and void. 263 U.S. 413, 414 (1923). In District of Columbia Court of Appeals v. Feldman, a losing party in a separate litigation sued the court that provided the party with an unfavorable ruling. 460 U.S. 462 (1983). The Supreme Court held that both lawsuits were impermissible because only the Supreme Court has appellate jurisdiction to reverse or modify a state-court judgment. See id. at 482.

The Rooker-Feldman doctrine, however, has "sometimes been construed far beyond the contours" of these two cases, "overriding Congress' conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts, and superseding the ordinary application of preclusion law." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005). As the Supreme Court has described it, the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Id. at 284.

Although Worley is a state-court loser, she is not complaining of injuries caused by the state-court judgment, nor is she asking the Court to review the state court judgment as an appeals court would. Instead, she is complaining of injuries caused by the filing of the eviction actions, and she seeks monetary damages for Engel's alleged violations of the FDCPA. The Rooker-Feldman doctrine therefore does not apply.

**B.     Failure to State a Claim**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6).  A claim bears facial plausibility when it allows the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  When evaluating a motion to dismiss, the Court must accept factual allegations as true, Gomez v. Wells Fargo Bank, N.A., 676 F.3d 655, 660 (8th Cir. 2012), but it need not give effect to those that simply assert legal conclusions, McAdams v. McCord, 584 F.3d 1111, 1113 (8th Cir. 2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to support a claim.  Iqbal, 556 U.S. at 678.

Engel argues that Worley's Amended Complaint fails to state a claim on which relief can be granted because Engel is not a debt collector under the FDCPA, Engel cannot be liable under the FDCPA for merely filing and losing a debt-collection lawsuit, and Worley does not allege any communications under the FDCPA.

1.      **Debt collector**[2]

Engel argues that he is not a debt collector because he only brings eviction actions against tenants and an eviction is not an attempt to collect a debt. Rather, an eviction is "a summary court proceeding to remove a tenant or occupant from or otherwise recover possession of real property by the process of law." Minn. Stat. § 504B.001, subd. 4. Because an eviction action may only result in possession of the property, rather than a money judgment, Engel contends that an eviction action is not an attempt to collect a debt and he is not a debt collector.

The FDCPA intends to protect consumers from "abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). A "debt collector" includes someone "who regularly collects or attempts to collect, directly or indirectly debts owed or due, or asserted to be owed or due another." Id. § 1692a(6). Minnesota's eviction-action statute explicitly states that an eviction action for nonpayment of rent "is equivalent to a demand for rent." Minn. Stat. § 504B.291, subd. 1. Because an eviction action is the equivalent to a demand for rent, an eviction action qualifies as an attempt to collect a debt, and Engel, as someone who allegedly regularly

---

[2] Engel raises his argument that he is not a debt collector under the FDCPA as both a motion to dismiss for lack of subject matter jurisdiction and a motion to dismiss for failure to state claim on which relief can be granted. (Def.'s Supp. Mem. (Docket No. 18) at 7.) The Court addresses Engel's argument as a motion to dismiss for failure to state a claim on which relief can be granted. See Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 84 n.1 (2d Cir. 2003) (noting that subject matter jurisdiction existed because the plaintiff's complaint, on its face, sought relief under the FDCPA, regardless of the claim's validity).

files eviction actions (see Am. Compl. ¶ 7.), qualifies as a debt collector under the FDCPA.

### 2. Filing and losing a debt-collection lawsuit

Engel also appears to argue that Worley fails to state a claim because a lawyer cannot be liable under the FDCPA for merely filing a debt-collection lawsuit that turns out ultimately to be unsuccessful. (Def.'s Supp. Mem. at 16.) Engel cites to the Supreme Court's decision in Heintz v. Jenkins, that "the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'" 514 U.S. 291, 296-96 (1995). Although it is true that a lawyer does not violate the FDCPA merely by filing a lawsuit that turns out ultimately to be unsuccessful, Engel misconstrues Worley's claims.

Worley is not alleging that Engel violated the FDCPA merely by filing an eviction action that turned out ultimately to be unsuccessful. In fact, the parties agree that Engel's eviction actions were successful. (See Kemp Decl. Ex. C.) Instead, Worley alleges that Engel violated the FDCPA by filing an eviction action for nonpayment of rent on behalf of the wrong person and for the wrong amount of rent. Because the Court must accept those allegations as true at this stage of the litigation, Worley's Amended Complaint cannot be dismissed on this basis.

### 3. Communications

The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Engel argues that Worley has failed to allege that she made any communications because

7

Worley "does not give any details regarding whether the 'communications' alleged were formal pleadings, in-court statements, or other communications; she does not state any dates or times; she does not state whether the communications were written or oral; she does not state whether the communications were made directly to her or through her various attorneys." (Def.'s Supp. Mem. (Docket No. 18) at 19.)  But this argument is simply wrong.

First, Worley alleges that Engel filed multiple evictions actions against her and that those formal pleadings qualify as communications. (Am. Compl. ¶¶ 10, 13, 25, 37.) Second, Worley alleges that Engel also demanded in person that she pay her rent. (Id. ¶ 35.)  Third, Worley gives specific dates when Engel filed those eviction actions; she is not required to give the exact times when the in-person conversations took place to survive a motion to dismiss.

## C.   More Definite Statement

In the alternative to dismissal, Engel moves the court under Rule 12(e) for a more definite statement.  A party may move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response."  Fed. R. Civ. P. 12(e).  In addition, courts in this District have "repeatedly criticized" the filing of "shotgun pleadings," and have required plaintiffs who engage in this practice to amend their complaints.  Gurman v. Metro Hous. & Redevelopment Auth., 842 F. Supp. 2d 1151, 1153 (D. Minn. 2011) (Schiltz, J.) (collecting cases).

Here, there is no doubt that Worley's Amended Complaint is so poorly drafted as to make a cogent response nearly impossible.  Indeed, Worley's Amended Complaint

falls into the category of a "shotgun pleading." There are many different ways a defendant could violate the FDCPA, but instead of detailing her factual allegations and bringing distinct claims under the appropriate portions of the FDCPA, Worley brings one count—ironically titled "Specific Claims"—and alleges that all of Engel's conduct amounts to "violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(10), 1692f, and 1692f(1)." (Am. Compl. ¶ 53.) By way of this lone count, Worley "essentially coughed up an unsightly hairball of factual and legal allegations, stepped to the side, and invited [Engel] and the Court to pick through the mess and determine if [Worley] may have pleaded a viable claim or two." Gurman, 842 F. Supp. 2d at 1153. Worley must therefore file a second amended complaint that sifts through her previous pleading and that brings distinct claims for each alleged violation of the FDCPA, accompanied by the factual allegations that support those claims. Once Worley files her Second Amended Complaint, Engel may again move to dismiss and should address whether issue preclusion bars any or all of Worley's claims.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that Engel's Motion to Dismiss or in the Alternative for a More Definite Statement (Docket No. 17) is granted in part and denied in part and Worley must file a Second Amended Complaint on or before August 7, 2017.

Dated: <u>July 18, 2017</u>              *s/ Paul A. Magnuson*
                                                                Paul A. Magnuson
                                                                United States District Court Judge