UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Savanna Worley<br>Plaintiff<br><br>vs.<br><br>Matthew A. Engel<br>Defendant | Case No. 0:17-cv-01105-PAM-SER<br><br>**SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

PLAINTIFF, as and for her cause of action (i.e., violation of the Fair Debt Collection Practices Act) against the above-named defendant, states and alleges as follows:

**Introduction**

1.   The following case alleges an abject failure by Defendant to comply with the federal Fair Debt Collection Practices Act ("FDCPA"). Defendant, a Minnesota licensed attorney, brought multiple eviction actions against Plaintiff on behalf of his landlord client that lacked legal basis and for amounts not due. In the process, Defendant failed to apprise Plaintiff of her rights under the FDCPA, thus, preventing her from meaningfully disputing the amounts she was alleged to owe. As a consequence, Plaintiff has suffered severe damages in the form of emotional distress.

**Statement of Jurisdiction**

2.    This Court has Jurisdiction over the subject matter of this action pursuant to 27 U.S.C. §1331 and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692k(d).

**Venue**

3.    Venue is proper pursuant to 27 U.S.C. §1391(b)(1).

**Parties**

4.    Plaintiff Savanna Worley is an adult resident of Hennepin County, Minnesota.

5.    Defendant Matthew A. Engel is a natural person and an attorney licensed to practice law in the state of Minnesota.

**Facts**

6.    Plaintiff is, and at all times mentioned herein was, a "consumer" as defined by 15 U.S.C. §1692a(3).

7.    Defendant is, and at all times mentioned herein was, a "debt collector" as defined by 15 U.S.C. §1692a(6) because he regularly collects or attempts to collect, directly or indirectly, debts due or owed to another. Defendant files dozens of eviction actions per year in Minnesota courts and, upon information and belief, a substantial amount of said evictions are for the alleged non-payment of rent.

8.    Upon information and belief, Defendant's interactions with tenants against whom he has filed evictions for non-payment of rent involve Defendant making demands for payment of allegedly unpaid rent.

9. The debt allegedly owed by Plaintiff is a "debt" as defined by 15 U.S.C. §1692a(5).

10. The contact between Plaintiff and Defendant, including pleadings prepared by Defendant and served upon Plaintiff, are "communications" as defined by 15 U.S.C. §1692a(2).

11. In August of 2015, Plaintiff and her two children moved into an apartment unit located in Bloomington, Minnesota managed by Housing Hub, LLC ("Housing Hub").

12. Due to multiple habitability issues, Plaintiff filed a rent escrow action against Housing Hub and owner Christopher Hoff with the Hennepin County Housing Court on August 3, 2016. Said action was assigned case number 27-CV-HC-16-3705.

13. On or about August 15, 2016, Defendant filed an eviction action against Plaintiff on behalf of his client, CHC Investments, LLC ("CHC"), for non-payment of rent at the aforementioned apartment unit. Said action was assigned case number 27-CV-HC-16-3705.

14. The eviction complaint filed by Defendant and served upon Plaintiff alleged that CHC was the owner of the premises rented by Plaintiff.

15. CHC was not the owner of the premises. Upon information and belief, Christopher Hoff owned the premises rented by Plaintiff.

16. Furthermore, upon information and belief, CHC failed to meet the definition of "landlord" pursuant to Minn. Stat. 504B.001 subd. 7, and consequently, did not have standing to assert the eviction action.

17.     By filing and serving an eviction complaint for the non-payment of rent when his client lacked standing, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

18.     Said complaint also demanded $440.00 in costs and statutory fees.

19.     Upon information and belief, CHC had not incurred costs in the amount of $440.00 nor was it entitled to costs and fees totaling that amount at that time.

20.     By filing and serving said complaint with costs and/or fees that were not incurred, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

21.     In addition, and upon information and belief, the premises rented by Plaintiff were not licensed by the city of Bloomington as required by Bloomington city ordinances at the time said eviction action was filed.

22.     Because Plaintiff's apartment was not properly licensed, any obligation to pay rent was excused. *Beaumia v. Eisenbraun*, No. A06-1482, 2007 WL 2472298 (Minn. Ct. App. Sept. 4, 2007).

23.     By filing and serving an eviction complaint for non-payment of rent in an unlicensed rental property, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

24.     The eviction action was subsequently dismissed because of Plaintiff's ongoing rent escrow action.

25. On or about October 14, 2016, Defendant once again filed and served an eviction action on behalf of CHC and against Plaintiff for non-payment of rent. Said action was assigned case number 27-CV-HC-16-5091.

26. Once again, Defendant erroneously labeled CHC the owner of the premises in the complaint when, instead, CHC was neither owner nor landlord and lacked any standing to bring the eviction action.

27. Once again, by filing and serving an eviction complaint for the non-payment of rent when his client lacked standing, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

28. Defendant again included in the complaint a demand for $440.00 in costs and statutory fees when, upon information and belief, CHC was not entitled to those amounts at the time they were claimed due.

29. By again filing and serving said complaint with costs and/or fees that were not incurred, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

30. Also once again, Defendant demanded rent for periods of time that the premises were not licensed as a rental property by the city of Bloomington.

31. Also once again, by filing and serving an eviction complaint for non-payment of rent in an unlicensed rental property, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

32.     Plaintiff filed an answer in which she pled that her obligation to pay rent was suspended due to violations of the covenants of habitability.

33.     Following a court trial, the Honorable Referee JaPaul J. Harris ruled that Plaintiff's landlord did not violate the covenants of habitability and that Plaintiff could redeem the property by paying $2,135.00 by noon on December 19, 2016.

34.     Plaintiff eventually redeemed the property.

35.     During the course of the two eviction actions, Defendant and Plaintiff engaged in multiple in-person conversations during which Defendant demanded unpaid rent from Plaintiff and which constitute "communications" as defined by 15 U.S.C. §1692a(2).

36.     However, at no time during or after said communications did Defendant ever give Plaintiff the "mini-miranda" pursuant to 15 U.S.C. §1692e(11), nor did Defendant inform Plaintiff of her rights pursuant to 15 U.S.C. §1692g.

37.     On or about March 28, 2017, Defendant once again initiated an eviction action against Plaintiff and on behalf of CHC for alleged non-payment of rent. Said action was assigned case number 27-CV-HC-17-1562.

38.     For the third time, Defendant erroneously labeled CHC the owner of the premises in the complaint when, instead, CHC was neither owner nor landlord and lacked any standing to bring the eviction action.

39.     By filing and serving an eviction complaint for the non-payment of rent for the third time when his client lacked standing, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

40. Also for the third time, Defendant included in the complaint a demand for $440.00 in costs and statutory fees when, upon information and belief, CHC was not entitled to those amounts at the time they were claimed due.

41. By filing and serving a complaint for the third time with costs and/or fees that were not incurred, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

42. On or about March 30, 2017, Defendant filed and caused to be served on Plaintiff an amended eviction action complaint.

43. For the *fourth* time, Defendant erroneously labeled CHC the owner of the premises in the complaint when, instead, CHC was neither owner nor landlord and lacked any standing to bring the eviction action.

44. By filing and serving an eviction complaint for the non-payment of rent for the *fourth* time when his client lacked standing, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

45. Also for the *fourth* time, Defendant included in the complaint a demand for $440.00 in costs and statutory fees when, upon information and belief, CHC was not entitled to those amounts at the time they were claimed due.

46. By filing and serving a complaint with costs and/or fees that were not incurred for the *fourth* time, Defendant violated multiple and numerous sections of the FDCPA, including, but not limited to 15 U.S.C. §§1692e(2)(A), 1692e(10), and 1692f(1).

47. The amended complaint demanded a different amount of alleged unpaid rent than the original complaint.

48. On or about April 5, 2017, Defendant filed a second amended complaint in which Christopher W. Hoff was substituted as plaintiff and a third amount of money was alleged due as unpaid rent.

49. The second amended complaint was served in violation of Minnesota Rule of Civil Procedure 15.01 in that Defendant filed and served the amended pleading on behalf of his client without seeking leave of court or obtaining written consent from Plaintiff to do so.

50. Following the third complaint in which a different amount of rent was allegedly due, Plaintiff was left incredibly confused and frustrated.

51. Throughout the entire ordeal described within this complaint, Plaintiff was deceived and misled by Defendant and suffered confusion, frustration, anger, and embarrassment as a result of Defendants' actions.

**Specific Claims**

Count I– Violations of 15 U.S.C. §1692e(2)(A)

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53. By filing multiple eviction complaints for non-payment of rent for a plaintiff who lacked standing, making multiple demands for rent for a property that did not have a proper rental license, and including costs and fees in an eviction complaint for non-payment of rent that had not been incurred, Defendant falsely represented the character,

amount, and legal status of Plaintiff's alleged debt in violation of 15 U.S.C. §1692e(2)(A).

Count II- Violations of 15 U.S.C. §1692e(10)

54. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

55. By filing multiple eviction complaints for non-payment of rent for a plaintiff who lacked standing, making multiple demands for rent for a property that did not have a proper rental license, and including costs and fees in an eviction complaint for non-payment of rent that had not been incurred, Defendant attempted to collect an alleged debt through false and or deceptive means in violation of 15 U.S.C. §1692e(10).

Count III- Violations of 15 U.S.C. §1692e(11)

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. By failing to disclose to Plaintiff during their initial communication that he was a debt collector and any information obtained would be used for that purpose and failing to disclose to Plaintiff in each subsequent communication that he was acting as a debt collector, Defendant violated 15 U.S.C. §1692e(11)

Count IV- Violations of 15 U.S.C. §1692f(1)

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. By filing multiple eviction complaints for non-payment of rent for a plaintiff who lacked standing, making multiple demands for rent for a property that did not have a

proper rental license, and including costs and fees in an eviction complaint for non-payment of rent that had not been incurred, Defendant attempted to collect an alleged debt that was not authorized by law or contract, in violation of 15 U.S.C. §1692f(1).

Count V- Violations of 15 U.S.C. §1692g

60.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61.     Defendant failed to provide Plaintiff with any of the information mandated by 15 U.S.C. §1692g(a) within five days of their initial communication, and therefore, violated 15 U.S.C. §1692g.

**Jury Demand**

62.     Plaintiff hereby demands a trial by jury.

**Prayer for Relief**

WHEREFORE, Plaintiff, by and through her attorney, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages;

      c.     Reasonable attorney's fees, litigation expenses, and cost of suit; and

      d.     Any other relief deemed appropriate by this Honorable Court.

Dated: August 7, 2017            Respectfully Submitted,

                                      LAW OFFICE OF RYAN D. PETERSON

                                      s/ Ryan D. Peterson
                                      Ryan D. Peterson (#0389607)

5201 Eden Avenue, Suite 300
Edina, MN 55436
(612) 367-6568
ryan@peterson.legal

ATTORNEY FOR PLAINTIFF