UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Savanna Worley, | |
| Plaintiff | Civil Case No.: 17-CV-1105 |
| v. | **Memorandum of Law in Support of Rule 12(b)(6) Motion to Dismiss, Or In The Alternative, For A More Definite Statement** |
| Matthew A. Engel, | |
| Defendant | |

_____

TO: The Court, and to Plaintiff by her attorney, Ryan D. Peterson.

## Introduction

Plaintiff has brought her third complaint against Defendant, alleging once again an "abject failure" by Defendant Matt Engel to comply with the provisions of the Fair Debt Collections Practices Act, when Mr. Engel was forced to file multiple evictions against Plaintiff for her failure to pay rent. Because Plaintiff's third Complaint is virtually identical to her first two, Defendant incorporates by reference the defenses and arguments laid forth in his motion to dismiss the Amended Complaint. Additionally, because the claims below are barred by res judicata, they must be dismissed under Fed. R. Civ. P. 12(b)(6). Defendant has brought the current motion to dismiss in lieu of answer. This memorandum of law stands in support of Defendant's motion.

## Factual Basis

Plaintiff has alleged that she and Defendant were engaged in four separate lawsuits involving a property she rented in Bloomington, Minnesota. In the first case, Plaintiff and Mr. Engel each filed suit in August, 2016 ("the August case"); Plaintiff alleging habitability issues with her apartment, and Mr. Engel (on behalf of his client) alleging non-payment of rent. (Sec. Am. Compl., ¶¶ 12–14.) Those suits were consolidated and dismissed without prejudice. (Sec. Am. Compl., ¶ 24.)[1] In October, 2016, Plaintiff had again defaulted on her rental obligation, and Mr. Engel brought another UD action on behalf of his client ("the October case"). (Sec. Am. Compl., ¶ 25.) The court ruled for Mr. Engel's client and allowed Plaintiff to redeem the property by paying the full past-due rent, which she did. (Sec. Am. Compl., ¶¶ 33–34; Ex. D, Order, at ¶¶ 1–3.) In March, 2017, Mr. Engel was retained for a third time by his client to bring a UD action against Plaintiff for her failure to pay rent ("the March case"). (Sec. Am. Compl., ¶ 37.) Plaintiff vacated the property rather than prosecute any defenses, and so the case was dismissed as moot. (Second Declaration of Attorney Michael Kemp, at Ex. F.)

---

[1] Factually, Defendant agrees that the suits were dismissed without prejudice, but the dismissal was because Plaintiff failed to appear to prosecute her claim. (Ex. C, Order, at ¶¶ 1–2.) The court's order merely returned the parties to the *status quo ante.*

2

In support of her claim that Mr. Engel's actions violated the FDCPA, Plaintiff has alleged that there were defenses available to her in these UD actions—despite the fact that she has (correctly) never alleged that she prevailed in any of the three actions brought by Mr. Engel. (*See generally* Sec. Am. Compl.) She also makes a conclusory allegation—without any specifics—that there were multiple "communications" covered by the FDCPA during the course of the litigation. (Sec. Am. Compl., ¶¶ 10, 35.) Plaintiff does not give any details regarding whether the "communications" alleged were formal pleadings, in-court statements, or other communications; she does not state any dates or times; she does not state whether the communications were written or oral; she does not state whether the communications were made directly to her or through her various attorneys.

On the basis of these allegations, Plaintiff brings five causes of action, claiming that these actions violated the FDCPA. As opposed to her last complaint, where she alleged that all the actions complained of violated a single-count laundry list of statutes, in her Second Amended Complaint Plaintiff alleges (in a copy and paste manner) that all the actions complained of violate each of five enumerated provisions of the FDCPA. At its root, it is the same Complaint, and again, alleges three categories of violations, each violating every enumerated provision of the FDCPA. First, Plaintiff alleges substantive improprieties, such as that the complaints alleged rent due which was excused by Bloomington city

3

ordinances ("Category 1 Allegations"). Plaintiff also alleges procedural improprieties, such as a suit being brought in the name of a business entity rather than the property owner ("Category 2 Allegations"). Finally, Plaintiff alleges improprieties in communications: that Mr. Engel communicated with her in violation of the statute ("Category 3 Allegations"). Each must be dismissed, but for different reasons.

**Legal Standard**

"In analyzing a motion to dismiss, a court must accept the allegations contained in the complaint as true and make all reasonable inferences in favor of the nonmoving party." *Martin v. Iowa,* 752 F.3d 725, 727 (8th Cir. 2014). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "[A]lthough a complaint need not contain 'detailed factual allegations,' it must contain facts with enough specificity 'to raise a right to relief above the speculative level.'" *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.,* 690 F.3d 951, 955 (8th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").

**Argument**

Plaintiff's Complaint fails for several reasons. First, under Rule 12(b)(6) the most of the allegations in the Second Amended Complaint are barred by the doctrine of res judicata. Additionally, under Rule 12(b)(6), the Complaint fails to establish the elements of an FDCPA claim for violations of the FDCPA regarding "communications." Finally, should the Court not grant Mr. Engel's motions to dismiss, the Court should still require that Plaintiff provide a more definite statement under Rule 12(e), to allow Mr. Engel a fair opportunity to understand and defend the claims.

### I. The Housing Court Heard The Allegations Underlying Most of Plaintiff's Claims, And Plaintiff Never Prevailed On Any Of Them

Most of the claims presented by Plaintiff as FDCPA violations were heard and rejected by the state courts. Now, Plaintiff is trying to monetize her losses in state court by asking this Court to take a second look at those claims, come to a different conclusion, and award her damages. Because each case was filed first in the housing court of the State of Minnesota, and because each time Plaintiff did not prevail, res judicata bars her from re-litigating the claims in a different court.

Plaintiff's claims involving her Category 1 and Category 2 Allegations necessarily depend on asking this Court to review the state court's decision regarding claims made in that court. She asks this Court, as a basis to find a

violation of the FDCPA, to hold that defenses she asserted to her landlord's claims—*even those which were heard and rejected by the state court*—demonstrate that Mr. Engel was engaged in deceptive or unfair collections practices. The doctrine of res judicata bars those claims here.

### A. Both Issue Preclusion and Claim Preclusion Apply To Plaintiff's Claims

Res judicata encompasses two distinct doctrines: issue preclusion or collateral estoppel, and claim preclusion or "merger and bar." *Taylor v. Sturgell,* 553 U.S. 880, 892 n.5 (2008). The Supreme Court has held that issue preclusion applies "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *B & B Hardware, Inc. v. Hargis Industries, Inc.,* 135 S. Ct. 1293, 1303 (2015) (citing Restatement (Second) of Judgments § 27, p. 250 (1980); see also *id.,* § 28, at 273). Additionally, "[t]he law of the forum that rendered the first judgment controls the res judicata analysis." *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir.2008). Therefore this Court will look to Minnesota law; under Minnesota law, claim preclusion will also bar a second action based on the same cause of action already determined by a prior judgment, regardless of what issues were actually litigated in the prior cause of action. *Hauser v. Mealey*, 263 N.W.2d 803, 806 (Minn. 1978).

This preclusive effect of judgments includes courts of limited jurisdiction, including the Hennepin County Housing or Conciliation Courts. *Mattsen v. Packman*, 358 N.W.2d 48, 489–50 (Minn. 1984). Each depends on the parties being the same, or in privity.

### B. Defendant Is A Privy With The Plaintiff In The Housing Court Actions

In order for res judicata to bar a subsequent action, the subsequent action must be between the same parties or parties in privity, which is determined by "careful examination of the circumstances of each case." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011) (citing *Margo–Kraft Distribs., Inc. v. Minneapolis Gas Co.,* 294 Minn. 274, 278, 200 N.W.2d 45, 47 (1972)).[2] The Minnesota Supreme Court in *Rucker* laid out in detail the analysis of privity:

> Privity 'expresses the idea that as to certain matters and in certain circumstances persons who are not parties to an action but who are connected with it in their interests are affected by the judgment with reference to interests involved in the action, as if they were parties.' *Margo–Kraft Distribs.*, 200 N.W.2d at 47 (quoting Restatement (First) of Judgments § 83 cmt. a (1942)). 'Privies to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation.' *Hentschel v. Smith*, 153 N.W.2d 199, 206 (1967); *see also McMenomy v. Ryden*, 276 Minn. 55, 58–59, 148 N.W.2d 804, 807 (1967) (citing 30A

---

[2] The privity analysis is the same, regardless of which res judicata doctrine invoked. 794. N.W.2d at 117, n.4.

> Am.Jur. Judgments § 399 (1958)). According to the Restatement of Judgments, courts will find privity to exist for 'those who control an action although not parties to it,' 'those whose interests are represented by a party to the action,' and 'successors in interest to those having derivative claims.' *Margo–Kraft Distribs., Inc.*, 294 Minn. at 278, 200 N.W.2d at 47–48 (quoting Restatement (First) of Judgments § 83 cmt. a (1942)).

794 N.W.2d at 118 (internal quotations omitted).

An attorney-client relationship, in itself, is not enough to establish privity—attorneys and their clients can have privity, but do not have automatic privity. *Rucker*, 794 N.W.2d at 119; *id*. at 119 n.6. That court declined to adopt a *per se* rule on way or another, falling back on the "traditional test." *Id*. at 121.

In *Rucker*, the court was asked to determine whether a plaintiff who had sued her husband for fraud could bring a subsequent suit against the attorneys who represented her husband, alleging that they had also committed fraud. 794 N.W.2d at 115–116. Although the facts involved were related, they were not the same—the allegations were fraud in the course of representation, but of course, the acts were different. *Id.* Here, by contrast, Plaintiff is asking that two courts decide the *exact same set of facts* one way against the landlord and a different way against its attorney.

This is clearest in Plaintiff's Category 2 allegations, where she complains of procedural improprieties such as the complaints being brought in the name of the wrong plaintiff, or by procedurally improper means. (*See* Sec. Am. Compl.,

8

¶¶ 14–16, 26–27, 38–39, 43–44, 49.) In such actions, a distinction between the attorney and the plaintiff is non-sensical; there is simply no way to distinguish the party and its landlord for an alleged violation of the rules of civil procedure. But although less clear, the privity of the landlord and Mr. Engel in Plaintiff's Category 1 allegations is no less accurate. For example, in her substantive allegations Plaintiff repeatedly alleged (and argued to the housing court) that "[b]ecause Plaintiff's apartment was not properly licensed [by the City of Bloomington], any obligation to pay rent was excused." (Sec. Am. Compl., ¶¶ 22, 30.) Plaintiff never prevailed on this argument in the housing court—in the October case most directly, the court took testimony and made extensive findings of fact and conclusions of law, including on the issue of the issues with the City of Bloomington, and concluded that the landlord had not improperly sought to collect rent for an unlicensed rental unit. (Kemp Dec., Ex. D, ¶¶ 30–40.) Plaintiff now asks this Court to conclude that although she already litigated this exact issue and lost against her landlord, this Court should conclude that although the *landlord* had not improperly sought to collect rent for an unlicensed rental unit, on the same facts and in the same complaint the *attorney* had improperly sought to collect rent for an unlicensed rental unit. Essentially, Plaintiff asks this Court for a second bite at the apple, and that this Court decide the same facts differently as to different parties. This is exactly what res judicata is designed to prevent: "protect[ing] against the expense and vexation attending multiple

9

lawsuits, conserv[ing] judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent verdicts." *B & B Hardware*, 135 S.Ct. at 1303 (quoting *Montana v. United States*, 440 U.S. 147, 153–154 (1979)) (internal quotations omitted).

### C. Because Mr. Engel Is A Privy With His Client In The Previously-Decided Cases, Res Judicata Bars Their Rehearing Here

Plaintiff's Category 1 and Category 2 Allegations have been heard and ruled on by the state court. Plaintiff did not prevail in a single case. Under Minnesota law, res judicata will bar a claim when "(1) the earlier claim involved the same set of factual circumstances; (2) the earlier claim involved the same parties or their privies; (3) there was a final judgment on the merits; [and] (4) the estopped party had a full and fair opportunity to litigate the matter." *Laase,* 638 F.3d at 856 (citing *Hauschildt v. Beckingham*, 686 N.W.2d 829, 840 (Minn.2004)). "Res judicata applies equally to claims actually litigated and to claims that could have been litigated in the earlier action." *Id.* (citing *Brown–Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007)).

Plaintiff claims that as to the August case, Mr. Engel filed the case on behalf of an improper party, that the case was an attempt to collect amounts not authorized, and that Bloomington city ordinances excused the collection of rent. (Sec. Am. Compl., ¶¶ 14–23.) Plaintiff had a full and fair opportunity to litigate each of these issues in the state court action, and her case was dismissed. (Kemp

Dec., Ex. B, at 1; Ex. C, at 2–3.) As the October case, Plaintiff makes identical allegations. (Sec. Am. Compl., ¶¶ 26–32.) At trial, the state court heard and rejected these exact claims. (Sec. Am. Compl., ¶ 33; Ex. D.) As to the March case, Plaintiff makes similar allegations, but does not allege that the rent was excused by city ordinance. (Sec. Am. Compl., ¶¶ 38–47.) She also adds an allegation that a procedurally improper second amended complaint was filed. (Sec. Am. Compl., ¶¶ 48–49.) The state court ruled on this issue, holding that Defendant would be permitted to amend the first amended complaint and the second amended complaint would be stricken. (Ex. E, at 7.) As to the March case, Plaintiff had a full and fair opportunity to litigate her case, but chose to vacate the property instead, rendering the case moot. (Second Kemp Dec., at Ex. F.)

In every single case, the housing court either ruled against Plaintiff, or she failed to appear and defend her claims. Plaintiff would have this Court rule that this entitles her to another chance to litigate the same claims in federal court. Caselaw above indicates that this is incorrect, and for this reason, her Category 1 and Category 2 claims (Counts I, II, and IV) should be dismissed.

## II. Plaintiff Has Not Stated Any Communications Between The Parties Which Violate The FDCPA

The next question is whether Plaintiff's Category 3 allegations, that there were "communications" between the parties, states a claim under the FDCPA. (Sec. Am. Compl., ¶¶ 10, 35.) Plaintiff does not give any details regarding

whether the "communications" alleged were formal pleadings, in-court statements, or other communications; she does not state any dates or times; she does not state whether the communications were written or oral; she does not state whether the communications were made directly to her or through her various attorneys. This is insufficient to state a claim.

A complaint does not suffice to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Twombly*, 550 U.S. at 555). Here, because there is no specific allegation sufficient to apprise the Court and Mr. Engel of whether the conduct alleged violated the FDCPA, Plaintiff's Category 3 allegations must be dismissed.

Context is crucial in this allegation. For instance, the Complaint alleges that these "communications" violated 15 U.S.C. § 1692g and § 1692e(11). (Sec. Am. Compl., ¶¶ 57, 61.) But if the "communications" she refers to are the formal pleadings in the case, those are specifically exempted by the statute. 15 U.S.C. § 1693g(d); § 1693e(11). If the "communications" are those between Mr. Engel and one of Plaintiff's attorneys, then the communications are not with the "consumer." *Cf.* 15 U.S.C. § 1692c(b) (distinguishing between communications with the "consumer" and those with the "attorney"). If the "communications" were during settlement negotiations, the § 1962e(11) "mini-miranda" Plaintiff

refers to in ¶ 29 of her complaint—that "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose"—would require that an attorney give a consumer false information, since settlement communications cannot be used to collect the debt. Minn. R. Evid. 408.

Here, Plaintiff has not presented any more than a conclusory allegation that there were "communications" and that those communications violated the FDCPA. These threadbare allegations do not give Defendant enough notice to allow him to adequately defend these claims—the very purpose of notice pleading. Without more, Plaintiff has not stated a claim on which relief can be granted, and therefore her claims with regard to her Category 3 Allegations must be dismissed.

### III. Alternatively, Defendant Moves For A More Definite Statement Regarding Plaintiff's Claims

Finally, in the alternative, Mr. Engel has moved for a more definite statement on Plaintiff's claims. Plaintiff has not given any specifics in ¶ 35 or ¶ 53 of her Second Amended Complaint which would allow for him to understand and therefore properly defend the allegations against him.

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation

involved.'" *Hopkins v. Saunders,* 199 F.3d 968, 973 (8th Cir. 1999) (quoting *Redland Ins. Co. v. Shelter Gen. Ins. Cos.,* 121 F.3d 443, 446 (8th Cir. 1997)). A pleading which "fails to specify the allegations in a manner that provides sufficient notice" is sufficient grounds for a Rule 12(e) motion for a more definite statement. *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002). Plaintiff's claim is deficient because it is "wholly barren of specifics" which would allow Mr. Engel to understand—and therefore meaningfully respond to—Plaintiff's claim. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 384 (1982).

The context of the "communications" alleged by Plaintiff is critical to understanding and defending the claims, but Plaintiff has provided none. (Sec. Am. Compl., ¶¶ 35, 53.) If this Court does not grant Mr. Engel's motion to dismiss, he has moved in the alternative for a more definite statement.

## Conclusion

For the reasons listed above, all of Plaintiff's claims fail, and must be dismissed under Fed. R. Civ. P. 12(b)(6).

Dated: 21 August 2017

Respectfully submitted,

/s Michael Kemp
Michael Kemp
ID No. 0390426
Attorney for Defendant
Hansen Dordell
3900 Northwoods Drive
Suite 250
Saint Paul, MN 55112
(651) 332-8734
mkemp@hansendordell.com