UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Savanna Worley
Plaintiff

vs.

Matthew A. Engel
Defendant

Case No. 0:17-cv-01105-PAM-SER

**Plaintiff's Memorandum of Law in Opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, Or In The Alternative, For A More Definite Statement**

## I. INTRODUCTION

Plaintiff submits the following memorandum of law in opposition to Defendant's Rule 12(b)(6) Motion to Dismiss, or in the Alternative, for a More Definite Statement (Docket No. 27). Defendant's motion to dismiss rests upon two primary bases: 1) portions of Plaintiff's claim are barred by the doctrine of *res judicata* and/or *collateral estoppel* and 2) Plaintiff has not alleged communications as defined by 15 U.S.C. §1692a(2) of the Fair Debt Collection Practices Act ("FDCPA").

However, a careful analysis of the elements of *res judicata* and *collateral estoppel* show that, with two exceptions, Plaintiff's claims are not barred by either of those doctrines. Regarding whether Plaintiff has failed to allege communications under the FDCPA, the Court has previously ruled on this matter and held that Plaintiff has made sufficient allegations in order to survive a motion to dismiss. Likewise, based upon the

1

Court's previous ruling, Defendant's motion for a more definite statement should be denied.

## II. FACTS

Plaintiff Savanna Worley was a residential tenant residing in an apartment unit in Bloomington, Minnesota ("the Premises"). Second Am. Compl. and Demand for Jury Trial (Docket No. 26) ¶11. During Ms. Worley's tenancy, the Premises were owned by an individual named Christopher Hoff and managed by Housing Hub, LLC ("the Landlords"). *Id.* ¶¶11 and 15.

Beginning in 2016, Plaintiff began having repair issues in her home, and initiated a rent escrow action against the Landlords in which she alleged the Landlords violated the covenants of habitability with respect to the Premises. *Id.* ¶12. The action began a long running legal saga between Ms. Worley and the Landlords, which resulted in the filing of three separate eviction actions against Ms. Worley for the alleged non-payment of rent. *Id.* 13-48.

In each of the eviction actions filed against Ms. Worley, Defendant Matthew A. Engel, a Minnesota-licensed attorney who files dozens of eviction actions per year in Minnesota courts, was the attorney-of-record and represented the named plaintiff, CHC Investments, LLC ("CHC"). *See Id., generally*. The problem with naming CHC as plaintiff in the eviction actions was that CHC didn't have standing to bring claims for non-payment of rent; it didn't own the Premises, it didn't manage the Premises, nor did it meet any of the other statutory definitions of "landlord" found in Minn. Stat. §504B.001 subd. 7. *Id.*, ¶¶15-16.

2

This wasn't the only problem contained in the eviction pleadings served and filed by Defendant. For the first year of Ms. Worley's tenancy, the Premises were not licensed as rental property by the city of Bloomington. *Id.* ¶21. This is significant because under Minnesota law, Ms. Worley was not obligated to pay rent and any eviction for non-payment thereof would necessarily fail. *Id.* ¶22. Additionally, each of the pleadings filed and served by Defendant included a demand of $440.00 for court costs and statutory fees, which upon information and belief, had not been incurred by the Landlords or CHC. *Id* ¶¶18, 28, 40, and 45.

Finally, at no time during the pendency of the eviction actions did Defendant communicate to Plaintiff the "mini-Miranda" pursuant to 15 U.S.C. §1692e(11), nor did he provide Ms. Worley with the disclosures mandated by 15 U.S.C. §1692g. *Id.* ¶¶35-36. Clearly, Defendant did not view himself as a "debt collector" under the FDCPA, which is presumably why he failed to comply with any of its disclosure requirements.

### III. ANALYSIS

#### a. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint should be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

(citing *Twombly*, 550 U.S. at 556).

"While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). A complaint "…must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable theory." *Ascon Properties, Inc. v. Mobile Oil Co.*, 866 F.2d 1149, 1155 (9th Cir. 1989).

### b. Neither *res judicata* nor *collateral estoppel* bar the vast majority of Plaintiff's claims.

Defendant first argues portions of Plaintiff's claims, in particular Counts I, II, and IV, are barred by the doctrines of either *res judicata* or *collateral estoppel* and should, therefore, be dismissed.

*Res judicata* and *collateral estoppel* are related but distinct concepts. *Allen v. Curry*, 449 U.S. 90, 94 (1980). *Res judicata*, or claim preclusion, prevents a party from relitigating a claim against a party (or its privy) that was or could have been resolved in a prior case revolving around the same nucleus of facts. *SMA Services, Inc. v. Weaver*, 632 N.W.2d 770, 774 (Minn. Ct. App. 2001). *Collateral estoppel*, or issue preclusion, is a

narrower concept that prevents a party from relitigating a particular issue of law or fact that was decided in a previous action. *United States v. JR Watkins Company*, 127 F. Supp. 97, 102 (D. Minn. 1954).

When deciding issues of claim preclusion and issue preclusion, a court making the decision should apply the law of the forum that rendered the first judgment. *St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp.*, 539 F.3d 809, 821 (8th Cir. 2008). Defendant correctly points out that the original actions took place in Minnesota state court and that Minnesota law controls.[1]

In Minnesota, *res judicata* bars a subsequent action when "(1) there has been a final judgment on the merits, (2) the same cause of action is involved, (3) the parties are identical or in privity, and (4) the estopped party had a full and fair opportunity to litigate the matter." *Brown-Wilbert v. Copeland Buhl & Co.,* 715 N.W.2d 484, 488 (Minn. Ct. App. 2006). Similarly, *collateral estoppel* is applied when 1) the issue is identical to one in a prior adjudication; 2) there was a final judgment on the merits; 3) the estopped party was a party or was in privity with a party to the prior adjudication; and 4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue. *Care Institute v. County of Ramsey*, 612 NW 2d 443, 448 (Minn. 2000).

Plaintiff's claims in the present case arise from eviction cases filed by Defendant on behalf of his client in August of 2016 ("the August case") in October of 2016 ("the October case") and in March of 2017 ("the March case"). Defendant argues that the outcome in each of these cases precludes Plaintiffs claims under Counts I, II, and IV in

---

[1] Plaintiff also concurs that matters decided in housing court have preclusive effect.

her Second Amended Complaint. However, in making his argument, Defendant misapplies the elements of the aforementioned doctrines. While the October case does have preclusive effect on portions of Plaintiffs claims, neither the August case nor the March case resulted in a final judgment on the merits, which is required for preclusion under both *res judicata* and *collateral estoppel*. Furthermore, though the October case did result in a judgment on the merits, barring portions of Plaintiff's claim, Defendant was not a party or in privity with his client, and therefore, is unable to take advantage of the broader preclusive effect of *res judicata*.

1. <u>The August case and the March case did not result in a judgment on the merits and, therefore, do not serve to preclude Plaintiff's claims.</u>

In Defendant's memorandum in support of the instant motion, he argues that because Plaintiff did not "prevail" in a single state court case, that her claims related to those action are barred. Docket No. 30 p. 10. However, this argument misinterprets the procedural history of the state court cases as well an element common to both preclusion doctrines.

In support of his motion, Defendant filed the state court orders disposing of the August case and the March case as Exhibits A and F, respectively. Doc. Nos. 22-1 and 31-1. These exhibits plainly show that both of those cases were dismissed without prejudice. *Id.* A dismissal without prejudice is not a decision on the merits. *Lampert Lumber Co. v. Joyce*, 396 N.W.2d 75, 77 (Minn. Ct. App. 1986). Instead, a dismissal without prejudice is as though the case never occurred. *Application of Mitchell*, 216 Minn. 368, 375, 13 N.W.2d 20, 24 (Minn. 1944). Conversely, a decision on the merits is

one in which the court evaluates the evidence and the parties' substantive arguments. *HNA Properties v. Moore*, 848 N.W.2d 238, 243 (Minn. Ct. App. 2014).

Because the August case and the March case ended in dismissal without prejudice and without an evaluation of the parties' substantive arguments, they cannot be deemed judgments on the merits. This is fatal to Defendant's preclusion arguments. In order for either *res judicata* or *collateral estoppel* to apply, the previous action needs to end in a final judgment *on the merits*. This plainly didn't happen. As such, Plaintiff's allegations surrounding the August case and March case that comprise Counts I, II, and IV are not precluded and the Court should deny Defendant's motion regarding those portions.

2. <u>Some, but not all, of the allegations involving the October case are barred by *collateral estoppel*.</u>

Upon review of Defendant's arguments and exhibits, Plaintiff concedes that portions of her claims involving the October case are precluded by *collateral estoppel*. Specifically, the state court resolved against Plaintiff the issues referenced in paragraphs 26 to 29 of Plaintiffs Second Amended Complaint. Consequently, Plaintiff does not dispute that the allegations in those paragraphs may not serve as a basis for the present action against Defendant, and does not oppose the motion as it pertains to those particular facts and issues.

However, Plaintiff does not agree that *collateral estoppel* bars her claim that Defendant violated the FDCPA by filing an eviction action for non-payment of rent for a period of time in which the Premises were not licensed for rental by the city of Bloomington. Docket No. 26 ¶30. Among the elements Defendant must show in order for

*collateral estoppel* to apply is that the issue is "identical" to one in a prior adjudication. *Care Institute v. County of Ramsey* at 448. More specifically, the issue must be "distinctly contested and directly determined" in order for the issue to be precluded. *Hauschildt v. Beckingham*, 686 N.W.2d 829, 837-38 (Minn. 2004)

Based upon the state court Eviction Action-Findings of Fact Conclusions of Law, Order, and Judgment filed into this case as Ex. D (Doc. No. 22-1), it cannot be said that the Defendant's client's ability to collect rent based upon having a proper license was "distinctly contested and directly determined" by the state court referee. Referee Harris's order makes scant reference to licensing. The first reference comes in paragraph 15 in which it's noted that Plaintiff alleged that Defendant's client violated the statutory covenants of habitability by failing to maintain a rental license. *Id.* In the subsequent paragraph, Referee Harris finds broadly that there is no evidence of a violation of the statutory covenants of habitability. *Id.* ¶16. The only other reference to licensing can be found in paragraph 33 in which it's noted that a rental license was issued sometime after September 29, 2016. *Id.*

Essentially, the only issue resolved in the October case was that Plaintiff's allegations regarding violations of the covenants of habitability were unavailing, which ostensibly included a finding that the failure to license was not a violation of said covenants. However, the issue in the present case does not relate to habitability. Instead, Plaintiff argues that her obligation to pay rent was excused by virtue of her landlord's failure to obtain a rental license. Doc. No. 26 ¶¶22, 30-31. The state court made no reference and no finding as to whether Plaintiff's obligation was excused pursuant to

*Beaumia v. Eisenbraun*, No. A06-1482, 2007 WL2472298 (Minn. Ct. App. Sept. 4, 2007) as stated in her Second Amended Complaint. As such, the excusal to pay rent pursuant to *Beaumia* was not "distinctly contested and directly decided." At the very least, this is an inference that should be resolved in Plaintiff's favor as the non-moving party.

Finally, while the aforementioned argument may prevent Plaintiff's licensing allegations from being barred on the basis of issue preclusion, the broader net of claim preclusion could prevent said licensing allegations from going forward. However, before that happens, Defendant has to show that the other elements of *res judicata* are met. They are not. Specifically, contrary to the argument contained in his brief, Defendant is not in privity with his client, CHC.

"Privies to a judgment are those who are so connected with the parties in estate or in blood or in law as to be identified with them in interest, and consequently to be affected with them by the litigation." *Rucker v. Schmidt*, 794 N.W.2d 114, 118 (Minn. 2011) (*citing Hentschel v. Smith*, 153 N.W.2d 199, 206 (Minn. 1967)). Defendant correctly recognizes that attorneys and clients aren't automatically in privity. However, Defendant argues the Court should find they are in privity in this case because this action and the state court action involve the "*exact same set of facts.*" Doc. No. 30 p. 8. Yet, Defendant has cited no case law in which this rationale serves as the basis for a finding of privity.

Indeed, there is no evidence in the record showing that Defendant and CHC were somehow "connected" in interest with regard to the state court eviction actions so as to be in privity. An example of privity in the real estate context is where parties are subsequent

9

title or lien holders in a property. *See Wessling v. Johnson*, 424 N.W.2d 795, 798 (Minn. App., 1988) (party purchasing tax lien in privity with the IRS); *Fairbairn v. Kodi Acquisitions LLC*, Case No. 14-cv-1635 at *7 (PAM/JJK) (D. Minn. Oct. 2, 2014) (subsequent mortgage holders in privity with others in the chain of interest). Defendant has made no claim that he possessed any interest in the Premises that were the subject of the state court litigation or had any other interest beyond representing his landlord client.

Furthermore, a court in this district has had the opportunity to address essentially the same arguments made by Defendant in an FDCPA context. Judge Frank held that the law firm of Messerli and Kramer was not in privity with its state court creditor client simply by virtue of the their attorney-client relationship. *Boldon v. Messerli & Kramer, P.A.*, 92 F.Supp.3d 924, 932 (D. Minn. 2015). In order to demonstrate privity, it had to make a greater showing. Likewise, Defendant has failed to show any interest in the state court eviction actions beyond his attorney-client relationship, and therefore, cannot be held to be in privity with his client so as to support his *res judicata* argument.

c. **Plaintiff has stated communications giving rise to FDCPA violations.**

Defendant next argues that Plaintiff has not alleged "communications" between the parties. The Court previously addressed this precise argument in its Memorandum and Order granting in part and denying in part Defendant's Motion to Dismiss Plaintiff's Amended Complaint. Docket No. 25. The Court ruled (and Plaintiff obviously concurs) that the facts alleged by Plaintiff are sufficient to survive a motion to dismiss.

d. **Defendant's motion for a more definite statement should be denied.**

Finally, Defendant argues that Plaintiff should be ordered to provide a more definite statement. Specifically, Defendant argues that the "communications" alleged in Plaintiff's Second Amended Complaint lack context. This is untrue. Plaintiff specifically identified the state court pleadings as well as the in-person conversations between Plaintiff and Defendant as the communications giving rise to Defendant's FDCPA violations. Docket No. 26 ¶¶10 and 35.

The rules of pleading do not require the level of specificity demanded by Defendant. *See Polinsky v. Cmty. Health Partners Reg'l Health Sys.,* 858 F.Supp.2d 891, 902 (N.D. Ohio, 2012) (denying defendant motion for a more definite statement to include dates and times of communications related to an FDCPA action). To the extent Defendant is not aware of the communications between himself and Plaintiff based upon his first-hand knowledge, he is free to develop that information in discovery. For the same reasons it previously denied Defendant's motion to dismiss, the Court should deny Defendant's Motion for a More Definite Statement.

### IV. CONCLUSION

Plaintiff concedes that the allegations contained in paragraphs 26 to 29 of her Second Amended Complaint are precluded from serving as the basis of her claims against Defendant in this action. The remaining claims regarding Counts I, II, and IV are not barred by either *res judicata* or *collateral estoppel*. Additionally, the Court has previously held that Plaintiff has stated communications under the FDCPA. As such, Defendant's motion to dismiss on this basis, as well as his motion for a more definite statement should be denied.

Dated: September 20, 2017                Respectfully Submitted,

                                                              LAW OFFICE OF RYAN D. PETERSON

                                                              s/Ryan D. Peterson
                                                              Ryan D. Peterson (#0389607)
                                                              5201 Eden Avenue, Suite 300
                                                              Edina, MN 55436
                                                              (612) 367-6568
                                                              ryan@peterson.legal

                                                              ATTORNEY FOR PLAINTIFF