UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Savanna Worley,                                    Civ. No. 17-1105 (PAM/SER)

    Plaintiff,

v.                                                 **MEMORANDUM AND ORDER**

Matthew A. Engel,

    Defendant.

---

This matter is before the Court on Defendants' Second Motion to Dismiss or in the Alternative for a More Definite Statement. For the following reasons, the Motion is denied.

**BACKGROUND**

The Court stated the relevant facts of this case in an order following Defendant Matthew Engel's previous motion to dismiss, and will not repeat those facts here. (July 18, 2017 Order (Docket No. 25.) This matter stems from numerous interactions between Plaintiff Savanna Worley and Engel, an attorney who represented landlords in three separate eviction actions against Worley in Minnesota state court. Worley alleges that Engel violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by attempting to collect rent, court costs, and fees from her, and failing to communicate to her information required of a debt collector. (2d Am. Compl. (Docket No. 26).)

Engel previously moved to dismiss Worley's Amended Complaint, which raised only one claim, arguing that the Rooker-Feldman doctrine barred the claim and that Worley failed to state a claim on which relief can be granted because he is not a debt

1

collector and Worley did not allege any communications under the FDCPA. In the alternative, Engel moved for a more definite statement.

This Court denied in part Engel's motion to dismiss, concluding that the Rooker-Feldman doctrine did not apply, that Engel qualified as a debt collector under the FDCPA, and that the Amended Complaint included numerous allegations of communications under the FDCPA. (Order at 4, 6-8.) But because the Amended Complaint was poorly drafted, the Court directed Worley to file a second amended complaint "that brings distinct claims for each alleged violation of the FDCPA, accompanied by the factual allegations that support those claims." (Id. at 9.)

Worley filed her five-count Second Amended Complaint on August 7, 2017. Count I contends that Engel violated 15 U.S.C. § 1692e(2)(A) by "falsely represent[ing] the character, amount, and legal status of [Worley]'s alleged debt." (2d Am. Compl. ¶¶ 52-53.) Count II alleges that Engel "attempted to collect an alleged debt through false or deceptive means in violation of 15 U.S.C. § 1692e(10)." (Id. ¶¶ 54-55.) Count III claims that Engel violated 15 U.S.C. § 1692e(11) by failing to disclose that he was a debt collector. (Id. ¶¶ 56-57.) Count IV alleges that Engel violated 15 U.S.C. § 1692f(1) by attempting to collect a debt that was not authorized by law. (Id. ¶¶ 58-59.) And Count V contends that Engel violated 15 U.S.C. § 1692g by failing to provide Worley with any of the information mandated by 15 U.S.C. § 1692g(a). (Id. ¶¶ 60-61.)

Engel then filed a second Motion to Dismiss, arguing that issue or claim preclusion bars Worley's allegations and that she failed to allege any communication that violated the FDCPA. In the alternative, he again moves for a more definitive statement.

## DISCUSSION

### A. Failure to State a Claim

Engel moves the Court to dismiss the Second Amended Complaint for failure to state a claim, arguing that Worley's claims are barred by either res judicata or do not sufficiently allege communications that violate the FDCPA.

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the allegations in the Second Amended Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to the non-moving party. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). The Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

A complaint must contain "enough facts to state a claim to relief that is plausible on its face" to survive a motion to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). This standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556. Dismissal at the pleading stage on the basis of res judicata "is appropriate if the defense is apparent on the face of the complaint."

Magee v. Hamline Univ., 775 F.3d 1057, 1058-59 (8th Cir. 2015) (citing C.H. Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763-64 (8th Cir. 2012)).

    1.    **Res Judicata—Counts I, II, IV**

Res judicata encompasses both issue and claim preclusion. Taylor v. Sturgell, 553 U.S. 880, 892 (2008). And Minnesota law controls the Court's res judicata analysis here because the allegedly preclusive prior judgments stem from Minnesota state court. See St. Paul Fire & Marine Ins. Co. v. Compaq Comput. Corp., 539 F.3d 809, 821 (8th Cir. 2008) ("The law of the forum that rendered the first judgment controls the res judicata analysis." (citations omitted)).

There are three allegedly preclusive prior judgments here. In August 2016, Worley filed a rent-escrow action against her landlord, but the state court dismissed the matter without prejudice because Worley failed to deposit her rent with the court. (2d Am. Compl. ¶ 12; Kemp Decl. (Docket No. 22) Ex. C at 2.)[1] In October 2016, Engel filed an eviction action against Worley on behalf of her landlord for unpaid rent. (2d Am. Compl. ¶ 25.) Following a bench trial, the state court concluded that Worley's landlord did not violate any covenant of habitability. (Id. ¶ 33; Kemp Decl. Ex. D at 11.) Worley paid her rent and redeemed her apartment. (2d Am. Compl. ¶ 33-34.) In March 2017, Engel again represented Worley's landlord in a third eviction action against Worley for unpaid rent. (Id. ¶ 37.) Engel amended the complaint twice to change the amount of rent owed and to substitute plaintiffs. (Id. ¶¶ 42-43, 47-48.) But the state court dismissed this

---

[1] The Court may consider matters of public record in determining whether to grant a Rule 12(b)(6) motion. Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012).

4

matter as moot after it learned that Worley vacated the apartment. (2d Kemp Decl. (Docket No. 31) Ex. F.)

Engel contends that both issue and claim preclusion bar Counts I, II, and IV of the Second Amended Complaint. In Minnesota, claim preclusion "bars a second suit for the same claim by parties or their privies." Kaiser v. N. States Power Co., 353 N.W.2d 899, 902 (Minn. 1984) (citing Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5 (1979)). Because the Second Amended Complaint raises different claims from the state-court claims, claim preclusion cannot apply. The Court turns next to issue preclusion.

Worley concedes that issue preclusion only bars ¶¶ 26 through 29 of the Second Amended Complaint, which allege FDCPA violations related to the October 2016 eviction action. (Pl.'s Opp'n Mem. (Docket No. 34) at 7.) Issue preclusion prevents "parties to an action from relitigating in subsequent actions issues that were determined in the prior action." Nelson v. Am. Family Ins. Grp., 651 N.W.2d 499, 511 (Minn. 2002) (quotation omitted). The specific issues may be legal or factual. Mach v. Wells Concrete Prods. Co., 866 N.W.2d 921, 927 (Minn. 2015) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). The party asserting issue preclusion "has the burden to establish that 'the issue was actually presented and necessarily determined in the earlier action.'" Id. (quoting Lange v. City of Byron, 255 N.W.2d 226, 228 (Minn. 1977)). Issue preclusion applies when

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

5

Id. (quoting Nelson, 651 N.W.2d at 511). The question of whether the parties are in privity for the purposes of res judicata is the principal issue in this matter.

Privity exists if "a person is otherwise 'so identified in interest with another that he represents the same legal right.'" Rucker v. Schmidt, 794 N.W.2d 114, 118 (Minn. 2011) (quoting McMenomy v. Ryden, 148 N.W.2d 804, 807 (Minn. 1967)). The common objective between a client and attorney in obtaining a favorable outcome is not the sort of legal interest that gives rise to privity. Id. at 119. Consequently, the Minnesota Supreme Court has concluded that the existence of an attorney-client relationship does not, by itself, create privity for the purpose of asserting res judicata. Id. at 118-19; see also Boldon v. Messerli & Kramer, P.A., 92 F. Supp. 3d 924, 931-32 (D. Minn. 2015) (Frank, J., adopting Report and Recommendation of Bowbeer, M.J.) (concluding that the existence of an attorney-client relationship alone does not bring two parties in privity).

Engel argues that he is in privy with the plaintiffs in the state court actions because the cases involve the exact same set of facts, and any "distinction between the attorney and the plaintiff is non-sensical." (Def.'s Supp. Mem. (Docket No. 30) at 7-10.) But the similarity of the facts is not relevant in determining whether the parties are in privity. The question is whether Engel and the plaintiffs in the eviction actions are "so identified in interest . . . that they represent the same legal right." Rucker, 794 N.W.2d at 118. The Court concludes that they are not. Because the parties are not in privity, res judicata cannot apply, and the Court need not address the remaining elements of issue preclusion.

### 2. Counts III and V—FDCPA Communications

Engel contends that Counts III and V fail to state a claim because they lack context, which he argues is "crucial" to form his response. (Def.'s Supp. Mem. at 12.) But this is the same argument that this Court rejected following Engel's last motion to dismiss. Engel raises no new legal theory to support his argument, and the Court therefore rejects it again.

### B. More Definite Statement

In the alternative, Engel again moves the Court for a more definite statement under Fed. R. Civ. P. 12(e), arguing that he cannot meaningfully respond to the Second Amended Complaint because ¶¶ 35 and 53 do not provide him with sufficient notice of the allegations against him. A party may move for a more definite statement if the complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Paragraph 35 of the Second Amended Complaint alleges that multiple in-person conversations took place over the course of the first two eviction actions between the parties that constitute communications under the FDCPA. Paragraph 53 contends that Engel violated 15 U.S.C. § 1692e(2)(A) by filing eviction actions without standing, demanding rent without a proper rental license, and including costs and fees for non-payment of rent that had not been incurred. These allegations are clear enough for Engel to prepare a response.

Following Engel's last motion to dismiss, this Court ordered Worley to sift through the Amended Complaint and bring "distinct claims for each alleged violation of

the FDCPA, accompanied by the factual allegations that support those claims." (Order at 8.) The Court is satisfied that Worley has met this direction. Engel's alternative motion is denied.

**CONCLUSION**

Res judicata does not apply, and Worley's alleged communications are sufficient to pass muster under the FDCPA. Accordingly, **IT IS HEREBY ORDERED that** Engel's Second Motion to Dismiss (Docket No. 27) is **DENIED**.

Dated: October 26, 2017

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge